# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARITZA HENRIQUEZ** <br> 901 Alabama Dr. <br> Herndon, VA 20170, <br><br> **Plaintiff,** <br><br> vs. <br><br> **MARGARITA'S CLEANING SERVICES, INC.** <br> 727 Brethour Ct. <br> Sterling, Virginia 20164, <br><br> and <br><br> **MARGARITA MAMANI,** <br> 727 Brethour Ct. <br> Sterling, Virginia 20164, <br><br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    Case No. 17-CV-00692-____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Maritza Henriquez, by and through her undersigned counsel, hereby brings this suit against Defendants Margarita's Cleaning Services, Inc. and Margarita Mamani (collectively, "Defendants"), and for grounds states:

### Parties and Jurisdiction

1. Plaintiff Maritza Hernandez is an adult resident of Fairfax County, Virginia.

2. Defendant Margarita's Cleaning Services, Inc. ("MCS") is a corporation formed under the laws of the Commonwealth of Virginia with its principal place of business in Sterling, Virginia. Defendant MCS provides cleaning services in residential properties in Maryland, Virginia and the District of Columbia.

3. Defendant Margarita Mamani, is an adult resident of Loudon County, Virginia.

4. Plaintiff performed cleaning services for MCS in Maryland, Virginia and the District of Columbia. In Maryland, she worked mostly in Montgomery and Prince George's Counties.

5. Plaintiff's claims are for failure to pay minimum wages and overtime wages due. Her claims are made under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl., §§ 3-401, et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, et seq. ("MWPCL").

6. Plaintiff was an "employee" of MCS, and MCS was a covered "employer" of Plaintiff under the FLSA, 29 U.S.C. §§ 201 et seq.

7. MCS engages in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Pursuant to the preceding, this Court has personal jurisdiction of the Defendants, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, and constitutes proper venue pursuant to 28 U.S.C. § 1391(b)(2).

**Background Facts**

9. MCS provides cleaning services for residential locations, including houses, condominiums and apartments.

10. Plaintiff was employed by MCS from approximately January 8, 2015 to October 2, 2015 ("Tenure of Employment"). Throughout her employment, Plaintiff performed non-exempt work as a cleaner. Plaintiff's duties consisted of cleaning, vacuuming, cleaning bathrooms, mopping and other cleaning-related activities. Plaintiff's work required her to travel to numerous sites in Maryland, Virginia and the District of Columbia to perform her cleaning duties.

11. During every week in her Tenure of Employment, Plaintiff worked more than forty (40) hours in each workweek. Plaintiff was not an exempt employee under the FLSA.

12. Plaintiff worked five days per week, averaging 11.5 hours per day. On average, Plaintiff worked approximately 57.5 hours per week throughout her employment with MCS, all of which were authorized and required by the Defendants. On numerous occasions, the overtime hours were worked in Maryland. On other occasions, hours worked in Maryland formed part of a week in which the Plaintiff worked overtime hours.

13. Upon information and belief, Defendants did not maintain a record of the hours worked by Plaintiff. Plaintiff was not given a record of the hours she worked each week. The exact number of hours worked and the pay received each week by Plaintiff can only be determined through discovery.

14. Plaintiff was not paid for all overtime hours worked, including overtime hours worked in Maryland.

15. Throughout her Tenure of Employment, Plaintiff was paid a fixed daily salary for her work. For the $50 daily salary, MCS expected Plaintiff to work from 7:00 a.m. to 6:30 p.m. When she worked additional hours on any given day, she received an additional $10/hr. for each hour that she worked after 6:30 p.m.

16. During each week that she worked for MCS, Plaintiff was not paid the minimum wage, even without accounting for the overtime premium for hours worked in excess of 40 in each work week.

17. The number of hours worked, the amount of pay received, and the pay shortage suffered by Plaintiff during a sampling of the weekly periods during her Tenure of Employment are set forth in the table below:

| Week Ending | Hours Worked | Total Pay Received | Regular Rate | Correct FLSA Pay | Shortage |
|---|---|---|---|---|---|
| 01/17/2015 | 57.5 | $250.00 | $4.35/hr. | $480.31 | $230.31 |

| Week Ending | Hours Worked | Total Pay Received | Regular Rate | Correct FLSA Pay | Shortage |
|---|---|---|---|---|---|
| 03/07/2015 | 57.5 | $260.00 | $4.52/hr. | $480.31 | $220.31 |
| 08/15/2015 | 57.5 | $360.00 | $6.26/hr. | $480.31 | $120.31 |
| 10/03/2015 | 57.5 | $200.00 | $3.48/hr. | $480.31 | $280.31 |

18. Upon information and belief, the failure by MCS to pay non-exempt workers at least the minimum wage was part of a pattern and practice by MCS that affected most of its employees.

19. The Defendants' failure to pay Plaintiff the minimum wage for all hours worked and for overtime work at the required overtime rate to the Plaintiff was intentional, willful, malicious and in reckless disregard of the Plaintiff's statutory rights under the FLSA.

### COUNT I: Violations of the FLSA (Minimum Wage)

20. The allegations in paragraphs 1-19 above are realleged, restated, and incorporated herein by reference.

21. The FLSA requires an employer to pay its employees at least the minimum wage of $7.25 per hour.

22. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the minimum wage provisions of the FLSA and the relevant regulations, and was therefore entitled to the FLSA's protections.

23. During the Plaintiff's Tenure of Employment, the Plaintiff was not paid the required minimum wage for all hours worked, in violation of 29 U.S.C. §206.

24. Defendant Mamani is the individual at MCS who hired Plaintiff, set the Plaintiff's pay rate and terminated Plaintiff's employment.

25. Throughout the Plaintiff's Tenure of Employment, Defendant Mamani was an owner, agent, and/or principal of MCS who, in whole or part, designed, implemented, and/or approved

4

the payroll practices which have resulted in the Defendants' failure to pay Plaintiff at least the required minimum wage for all hours worked in each work week.

26. Throughout the Plaintiff's employment, Defendant Mamani qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and is therefore liable individually to the Plaintiff for any damages awarded to the Plaintiff in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, awarding her the following relief:

- A) An injunction prohibiting Defendants from engaging in future violations of the FLSA's minimum wage provisions;
- B) Damages for all unpaid minimum wages during Plaintiff's Tenure of Employment;
- C) Liquidated damages in an equal amount to B above;
- D) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and
- E) Such further and appropriate relief as the Court may deem necessary.

## **COUNT II: Violations of the FLSA (Overtime)**

27. The allegations in paragraphs 1-26 above are realleged, restated, and incorporated herein by reference.

28. The FLSA requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

29. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations, and was therefore entitled to the FLSA's protections.

30. During the Plaintiff's Tenure of Employment, the Plaintiff was not paid the required overtime rate of pay for all hours worked in excess of 40 hours per work week, in violation of 29 U.S.C. §207.

31. Throughout the Plaintiff's employment, Defendant Mamani qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and is therefore liable individually to the Plaintiff for any damages awarded to the Plaintiff in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, awarding her the following relief:

F) An injunction prohibiting Defendants from engaging in future violations of the FLSA's minimum wage provisions;

G) Damages for all unpaid minimum wages during Plaintiff's Tenure of Employment;

H) Liquidated damages in an equal amount to B above;

I) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

J) Such further and appropriate relief as the Court may deem necessary.

32.

**COUNT III: Violations of the Maryland Wage & Hour Law (Minimum Wage)**

33. The allegations in paragraphs 1-32 above are realleged, restated, and incorporated herein by reference.

34. The Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl., §§ 3-401, et seq. ("MWHL") requires an employer to pay its employees a minimum wage that is higher than the federal minimum wage. As of January 1, 2015, the Maryland minimum wage was $8.00/hr. On July 1, 2015, the Maryland minimum wage increased to $8.25/hr and remained at that rate through the end of Plaintiff's Tenure of Employment.

35. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the minimum wage provisions of the MWHL and the relevant regulations, and was therefore entitled to the MWHL's protections.

36. During the Plaintiff's Tenure of Employment, the Plaintiff was not paid the required minimum wage for all hours worked, in violation of the MWHL.

37. Defendant Mamani is the individual at MCS who hired Plaintiff, set the Plaintiff's pay rate and terminated Plaintiff's employment.

38. Throughout the Plaintiff's Tenure of Employment, Defendant Mamani was an owner, agent, and/or principal of MCS who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in the Defendants' failure to pay Plaintiff at least the required Maryland minimum wage for all hours worked in each work week.

39. Throughout the Plaintiff's employment, Defendant Mamani qualified as an "employer" within the meaning of the MWHL and is therefore liable individually to the Plaintiff for any damages awarded to the Plaintiff in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, awarding her the following relief:

A) An injunction prohibiting Defendants from engaging in future violations of the MWHL's minimum wage provisions;

B) Damages for all unpaid minimum wages during Plaintiff's Tenure of Employment;

C) Pursuant to § 3-427 of the MWHL, liquidated damages in an amount equal to the amount in B above;

D) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

E) Such further and appropriate relief as the Court may deem necessary.

## COUNT IV: Violations of the MWHL (Minimum Wage)

40. The allegations in paragraphs 1-39 above are realleged, restated, and incorporated herein by reference.

41. The FLSA requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

42. During the Plaintiff's Tenure of Employment, the Plaintiff was not covered under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations, and was therefore entitled to the FLSA's protections.

43. During the Plaintiff's Tenure of Employment, the Plaintiff was not paid the required overtime rate of pay for all hours worked in excess of 40 hours per work week, in violation of 29 U.S.C. §207.

44. Throughout the Plaintiff's employment, Defendant Mamani qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and is therefore liable individually to the Plaintiff for any damages awarded to the Plaintiff in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, awarding him the following relief:

A) An injunction prohibiting Defendants from engaging in future violations of the MWHL's overtime provisions;

B) Damages for all unpaid overtime during Plaintiff's claim period;

C) Pursuant to § 3-427 of the MWHL, liquidated damages in an amount equal to the amount in B above;

D) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

E) Such further and appropriate relief as the Court may deem necessary.

## COUNT V: Violation of the Maryland Wage Payment and Collection Law

45. The allegations in Paragraphs 1-44 above are realleged, restated and incorporated herein by reference.

46. The MWPCL requires an employer to pay its employees "wages" on a regular basis. "Wage" is defined under the MWPCL to include "overtime wages." MWPCL, §3-501(c)(2).

47. During Plaintiff's Tenure of Employment, Plaintiff was an "employee" and the Defendants were her "employer" within the meaning of the MWPCL.

48. Defendants regularly failed to pay Plaintiff minimum wage and overtime wages. Accordingly, Defendants violated the MWPCL's requirement to regularly pay wages earned, including minimum wage and overtime wages.

49. More than two weeks have elapsed from the date on which Defendants were required to have paid such wages. Accordingly, Defendants violated the MWPCL's requirement to pay wages earned, including minimum wage and overtime wages.

50. The Defendants' failure to pay Plaintiff for wages earned, including minimum wage and overtime wages at the required overtime rate, was intentional, willful, malicious and in reckless disregard of Plaintiff's statutory rights under the MWPCL.

51. Defendants' failure to pay Plaintiff for wages earned, including minimum wage and overtime wages at the required overtime rate, was not as a result of a bona fide dispute.

52. As a result of the violations by Defendants of the MWPCL, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter judgment in her favor and against Defendants, awarding the following relief:

A. Damages for all unpaid wages during Plaintiff's Tenure of Employment;

B. Pursuant to § 3-507.2(b) of the MWPCL, liquidated damages equal to two times the amount in (A);

C. Reasonable attorney fees and costs incurred in connection with the prosecution of this claim; and

D. Any other and further relief that this Court deems appropriate and fair.

Dated: March 13, 2017               /s/ Roberto N. Allen
                                    Roberto N. Allen, Esq., Fed. Bar No. 25110
                                    The Law Offices of Roberto Allen, LLC
                                    3915 National Dr., Ste. 320
                                    Burtonsville, MD 20866
                                    (301) 861-0202
                                    (301) 861-4354 (fax)
                                    rallen@robertoallenlaw.com
                                    Counsel for Plaintiff